UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CRYSTAL JEWEL RIGGINS,

          Plaintiff,

       v.
                                                     Case No. 25-cv-0151-bhl

MILWAUKEE REHABILITATION HOSPITAL,
TREN LOCKETT and EBONY SWIFT,

          Defendants.

## SCREENING ORDER

On January 30, 2025, Crystal Jewel Riggins, proceeding without an attorney, filed a handwritten complaint using the Court's form for non-prisoner *pro se* filers. (ECF No. 1.) Riggins's complaint identifies three defendants: Milwaukee Rehabilitation Hospital, Tren Lockett, and Ebony Swift and attaches a Right to Sue letter from the United States Equal Opportunity Commission. (*Id.*) Riggins indicates she is suing under state law and seeks $50,000 for pain and suffering and harassment. (*Id.* at 4.) With her complaint, Riggins also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of Riggins's IFP motion and for the screening of her complaint.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). Riggins's IFP application includes information about her finances and is signed under penalty of perjury, satisfying the first IFP requirement. *See id.*; (ECF No. 2 at 4). She represents that she is employed, is unmarried, and has no dependents. (ECF No. 2 at 1.) Her monthly income is approximately $2,500. (*Id.* at 2.) Riggins lists her monthly expenses as $1,534—$1,200 for rent; $74 for her credit card payment; $150 for groceries; $80 for internet; and $30 for her cell phone. (*Id.* at 2.) She has $1,000 in her checking account.

(*Id.* at 3.) Riggins indicates that she "can barely make ends meet" and "doesn't make a living wage." (*Id.* at 4.) Despite Riggins's representations, her monthly expenses are nearly $1,000 below her monthly income, and she has an additional $1,000 in the bank that may be used to pay the filing fee. Accordingly, on this record, the Court cannot conclude that Riggins is unable to pay the required filing fee and her IFP motion is therefore denied.

## SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must also screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be

granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

Riggins's form complaint fails to state a claim against any of the defendants because she does not allege sufficient facts to provide the defendants or the Court proper notice of her claims. Riggins does not offer many facts in her complaint, but it appears that she is a former employee of defendant Milwaukee Rehabilitation Hospital. (ECF No. 1 at 1–2.) Read generously, Riggins alleges that Defendant Tren Lockett was a Human Resources employee at the hospital who called Riggins into his office to accuse her of things she did not do, without evidence, and told several lies. (*Id*. at 2.) His accusations included calling her unfriendly. (*Id.*) Riggins also discusses an incident that occurred on her last day of employment, apparently Friday the 13th, 2024, in which she was accused of having an argument by "nurse Katie" and "nurse Anna." (*Id.*) Riggins requested a statement be put in her file, because she was "bullied and harassed throughout [her] months of employment." (*Id.* at 3.) On September 18, 2024, Riggins asked Defendant Ebony Swift for Milwaukee Rehabilitation Hospital's corporate number, because Riggins did not know whether to return to work. (*Id.*) Swift responded that she did not know the number. (*Id.*) "Shortly thereafter," Riggins was fired by Lockett. (*Id.*)

It is unclear from these allegations what claims Riggins seeks to assert against the defendants. She does not identify any specific claims. While Riggins checked a box on the form indicating she wishes to pursue state law claims, (ECF No. 1 at 4), her allegations do not identify what state court claims she wants to assert. Moreover, this Court almost certainly does not have jurisdiction over any state law claims that Riggins would assert. Federal courts are courts of limited jurisdiction. With respect to state law claims, this Court has jurisdiction to consider and decide civil cases between citizens of different states if the amount in controversy is greater than $75,000. 28 U.S.C. §1332. Riggins alleges that she is a Wisconsin citizen, and her complaint suggests that the defendants are also citizens of Wisconsin. And she alleges damages of only $50,000, (ECF No. 1 at 4), which is below the $75,000 minimum required for diversity jurisdiction. Accordingly, even if Riggins had a state law claim, she cannot pursue it in this Court.

This Court has the authority to consider and decide civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. While Riggins does not invoke the Court's "federal question" jurisdiction, she attached a Right To Sue Letter from the EEOC to her complaint, suggesting that she may have intended to pursue an employment

discrimination claim under federal law. (*See* ECF No. 1-1.) But she has not offered sufficient factual allegations to pursue a federal claim either. Federal law prohibits employers from discriminating against individuals because of the individual's race, color, religion, sex, national origin, or age. 42 U.S.C. §2000e-2(a); *see also* 29 U.S.C. §623(a). To successfully state a claim of employment discrimination, the party must allege facts supporting the contention that adverse action was taken against the individual because of the individual's race, color, religion, sex, national origin, or age. *See Hively v. Ivy Tech Cmty. Coll. of Ind.*, 853 F.3d 339, 345 (7th Cir. 2017); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). On the face of her complaint, it appears that Riggins was terminated because her coworkers did not like her. That does not make for a claim of employment discrimination. Accordingly, Riggins has not alleged a federal claim.

Because Riggins is representing herself, the Court will give her an opportunity to amend her complaint to correct these defects. If Riggins does choose to file an amended complaint in this Court, she must pay the filing fee then file her amended complaint by **March 7, 2025**. Her amended complaint must contain allegations sufficient to establish the Court's federal question or diversity jurisdiction. If Riggins decides to proceed with an amended complaint, she should draft her proposed amended complaint as if she is telling a story to someone who knows nothing about his situation. This means that Riggins should explain: (1) what happened to make her believe she has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist her in relation to those events. Riggins should set forth her allegations in short and plain statements, focusing on the *facts* of her case rather than abstract legal terms. She should ensure that her amended complaint can be understood by someone who is not familiar with the facts of her case. And she should name as defendants *only* those specific individuals or entities who are involved with the facts of her case. Any amended complaint must also include the docket number assigned to this case and must be labeled "Amended Complaint." It will supersede her prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is not received, the Court will dismiss this case without prejudice for failure to prosecute pursuant to Civil L.R. 41(c).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Riggins's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **DENIED**.

**IT IS FURTHER ORDERED** that Riggins's Complaint, ECF No. 1, is **DISMISSED without prejudice**. If Riggins wishes to proceed with this lawsuit, she must pay the filing fee and file an amended complaint. An amended complaint must be filed with the Court on or before **March 7, 2025**. If the Court does not receive Riggins's amended complaint by that date, the case will be dismissed for her failure to prosecute pursuant to Civil L.R. 41(c).

Dated at Milwaukee, Wisconsin on February 5, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge